W. H. RYAN, Trustee, et al. v. W. A. MARTIN et al.

*Res judicata—Mortgage—Action to Recover Land—Misjoinder of Actions.*

1. In an action to recover land, the defendant, being unable to give the defence bond required, procured a third party to execute and deposit a mortgage in lieu thereof, as provided by section 117 of *The Code.* Pending the action, the mortgagor purchased at a tax sale a portion of the land in suit. The plaintiff recovered against the defendant, and, in attempting to enforce his recovery of costs and damages by a foreclosure of the mortgage, was opposed by the mortgagor's application to have a reference and adjustment of their relative interests in the land recovered, and to be credited with his share thereof: *Held,* that the application was properly denied—the mortgagor's interest, if any, being wholly foreign to the action, and he could not be allowed in this manner to interfere with plaintiffs' rights under his judgment.

2. The former judgment in this action is explained and affirmed.

This is an Application to Rehear the case of *Ryan, Trustee* v. *Martin,* 103 N. C., 282, decided at the last term of this Court.

In that action, the plaintiff sought to recover the land described in the complaint therein. The defendants, having failed to give the undertaking necessary to enable them to defend, as required by the statute (*The Code,* § 237) in such cases, in lieu of the same, W. A. Martin and his wife Jane Martin, the present petitioners, on the 11th day of March, 1889, executed to the plaintiff in the action, as allowed by the statute (*The Code,* § 117), their mortgage of certain lands of the said Jane C., to secure to the plaintiffs such costs and damages as they might recover from the defendants, &c. The plaintiffs recovered. It was adjudged that they were the owners of the land described in the complaint, and that they recover $245 for damages and costs. Thereupon, an execution was issued for such damages and costs, which was returned *nulla bona.*

Afterwards, the plaintiffs in the action served the present petitioner, the principal mortgagor in the mortgage above mentioned, and her husband, with notice that they would move at the June Term of 1887, of the Court in which the action was brought, " for order of foreclosure of the mortgage (that mentioned above) deposited by you (the mortgagors) to secure all such costs and damages as the plaintiffs should recover," &c.

Afterwards, the present *feme* petitioner made opposition to the motion when made, by answer filed thereto, alleging therein, that, pending the action, she had purchased a part of the land described in the complaint, and recovered by the plaintiffs, for arrearages of taxes due from the plaintiff on account of the same, and had the Sheriff's deed for the land so purchased, and she demanded "judgment that a reference be made to ascertain, upon evidence, the value of the land not embraced in her purchase, and, also, the value of that portion owned by her, and report the amount equitably due the plaintiffs, and that relief be afforded her to the extent of the difference in value," &c

Pending the action, and before the trial therein, the petitioner had moved the Court to allow her to become a party defendant thereto and set up her right as such purchaser of part of the land, in opposition to the right of the plaintiffs to recover. The Court denied her motion, and she did not except or appeal from such denial. Also, after the judgment in favor of the plaintiff, she brought her independent action, alleging her title by virtue of her purchase mentioned, &c, and asking relief by injunction. This action was decided adversely to her, and she did not app al.

The Court denied the petitioner's motion in the action for a reference, &c., and passed an order directing that the mortgage be foreclosed, and that the lands be sold, &c., unless the money recovered by the plaintiff as damages and costs

should be paid into Court by a day specified, &c., and the petitioner, Jane C. Martin, appealed.

*Mr. Geo. V. Strong,* for the petitioner.
*Mr. E. C. Smith, contra.*

MERRIMON, C. J.—after stating the case: This application to rehear rests upon the ground that the Court erroneously understood, and based its decision on the supposition, that the land which the petitioner alleged she had purchased, pending the action, and, as to which she asked relief, and claimed advantage in it, was a part of the land embraced by the mortgage mentioned, which she and her husband executed to the plaintiff, whereas, on the contrary, it was part of the land mentioned in the complaint, which the plaintiff sought to and did recover.

The allegations of the petitioner in her answer in the action to the motion of the plaintiffs therein for an order to foreclose the mortgage and sell the land embraced by it, were not clear and definite. The learned counsel of the petitioner has helped us in our further scrutiny of the record, and we think our opinion was founded upon an erroneous view of the allegations of the petitioner. She meant to allege, and did so sufficiently, as we now see, that she had purchased part of the land recovered by the plaintiff at a sale thereof, made by the Sheriff; hence, what we said in our opinion, however proper in the view we took of the case as it appeared, must not go to the prejudice of the petitioner in any action or proceeding she may, in the future, bring to assert any right she may have by virtue of her alleged purchase.

We think, nevertheless, that the Court below properly denied the application of the petitioner, as indicated above. The matter in litigation had been settled. The plaintiffs had recovered judgment for the land, for damages and for

costs. The purpose of their motion, complained of by the *feme* petitioner, was to obtain benefit of the mortgage executed by the petitioners to them to secure the damages and costs they so recovered, by a foreclosure of the same, a sale of the land, and a proper application of the proceeds of the sale in discharge of their judgment.

The *feme* petitioner contends that she has a right to set up in opposition to such incidental motion of the plaintiffs, her alleged tax title to a part of the land so recovered by the plaintiff, which she acquired pending the action, and to have certain rents and profits to which she is entitled by virtue of her title applied as an equitable set-off against the judgment of the plaintiff. This contention is unfounded. Her tax title is in no way or manner connected with, nor can it affect, the mortgage, its purpose, or the land embraced by it. It was not, in any aspect of it, the subject of the litigation in the action, nor was the petitioner a party thereto: indeed, the Court refused to allow her to become such a party. She might, with as much reason and propriety, ask the Court to allow her to set up her alleged title to any other lands of the plaintiff, and to have rents and profits thereof applied in liquidation of the plaintiff's judgment. Moreover, to allow her application would be to allow her to allege and litigate, as against the the plaintiff, a cause of action entirely foreign to the mortgage and its purposes, and as well the incidental motion of plaintiff, complained of, that ought to and could only properly be the subject of a regular action. Separate and distinct causes of action, properly the subject of an action, cannot be thrust into an action pending in opposition to incidental motions, whether before or after trial and judgment. Such practice could only lead to absurdity and confusion. Indeed, there is neither procedure nor practice that allows it.

The *feme* petitioner alleges, in her answer to the plaintiff's motion, a cause of action, good or bad, which she may liti-

gate in an action brought for the purpose, but she cannot do so in the way she seeks to do.

So it turns out that the judgment of this Court complained of is correct. It properly rests, not upon the ground we at first supposed, but, clearly, upon other grounds appearing in the record, to which we have adverted in this opinion. The petition must therefore be dismissed.

Petition dismissed.